UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHARON GOLDZWEIG,

                Plaintiff,                          **ORDER**

           -against-                          **20-CV-4297 (GBD) (JW)**

CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC.,

                Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On March 17, 2023, the parties contacted the Court regarding a deposition dispute.

During the deposition, Deponent was asked if she had concerns regarding Plaintiff's job performance. As an example of poor performance, Deponent cited advice that Plaintiff had provided to the Defendant corporation in her capacity as an in-house attorney.

Plaintiff's counsel sought to question the Deponent on the reasoning forming the basis for that legal advice. Defendant's counsel directed the Deponent to not answer the question, citing attorney-client privilege.

However, "the attorney-client privilege cannot at once be used as a shield and a sword." United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991); In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000). For the reasons stated more fully on the record, Defendant cannot use Plaintiff's advice as an example of poor job

performance and simultaneously prevent Plaintiff from questioning the Deponent on the reasoning behind such advice.

Defendant must either refrain from using this particular legal advice as an example of poor performance or Plaintiff must be permitted to question the Deponent as to the basis behind the legal advice.

SO ORDERED.

DATED:   New York, New York
         March 17, 2023

                                                                     _____
                                                                     JENNIFER E. WILLIS
                                                                     United States Magistrate Judge