20-cv-4297(GBD)

25-0089-cv
*Goldzweig v. Consol. Edison Co. of N.Y.*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-six.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: Jan 05, 2026

PRESENT:

MICHAEL H. PARK,
MYRNA PÉREZ,
ALISON J. NATHAN,
*Circuit Judges.*

---

SHARON GOLDZWEIG,
*Plaintiff-Appellant.*

v. 25-0089-cv

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,
*Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT: JEREMIAH IADEVAIA (Emily G. Bass, *on the brief*), Vladeck, Raskin & Clark, P.C., New York, NY

FOR DEFENDANT-APPELLEE: EPHRAIM J. PIERRE (Lorie E. Almon, *on the brief*), Seyfarth Shaw LLP, New York, NY

CERTIFIED COPY ISSUED ON 01/05/2026

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Sharon Goldzweig was fired from her position as associate counsel for Defendant-Appellee Consolidated Edison Company of New York, Inc. ("Con Edison"). She sued Con Edison, asserting claims for age and gender discrimination and retaliation in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Goldzweig alleges that in 2018 Con Edison hired a new supervisor, Christopher D'Angelo, who discriminated against her based on her age and gender, and then fired her after she complained about this treatment. Con Edison argues that other employees—namely, Elizabeth Moore, then Senior Vice President and General Counsel, and Phyllis Taylor, then Vice President for Legal Services—made the decision to terminate Goldzweig based on her performance deficiencies.

In a memorandum and order dated December 10, 2024, the district court (Daniels, *J.*) granted Con Edison's motion for summary judgment. The order dismissed Goldzweig's age and gender discrimination claims for failing to raise any inference of discrimination and dismissed her retaliation claims for failing to make a showing of pretext.

This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

Case: 25-89, 01/05/2026, DktEntry: 57.1, Page 3 of 10

"This Court reviews the District Court's grant of summary judgment *de novo*." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010). "Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see also* Fed. R. Civ. P. 56(c). "In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013).

## I. Discrimination

"Discrimination claims under Title VII [and] the ADEA . . . are analyzed under the *McDonnell Douglas* burden-shifting framework." *Carr v. N.Y. City Transit Auth.*, 76 F.4th 172, 177 (2d Cir. 2023). The same burden-shifting framework also applies to Goldzweig's discrimination claims under the NYSHRL. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 363 (2d Cir. 2025).[1] "Under *McDonnell Douglas*, a plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination; it is then the defendant's burden to proffer a legitimate non-discriminatory reason for its actions; the final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014). To establish a prima facie case of discrimination, an employee must demonstrate that: (1) she "belonged to a protected class"; (2) she "was qualified for [her] position"; (3) she "suffered an adverse employment action"; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Id.* at 251-52. Even

[1] The NYSHRL was amended in 2019 "to align with the more liberal pleading standard of the New York City Human Rights Law" but we apply the pre-amendment standard here because "[Goldzweig's] claims arose . . . before the amendment took effect." *Nambiar*, 158 F.4th at 363 n.3 (quotation marks omitted).

assuming that Goldzweig established a prima facie case of age and gender discrimination, we conclude that Goldzweig's discrimination claims would fail at the final step of the *McDonnell Douglas* framework because she has not shown that Con Edison's proffered non-discriminatory reason for terminating her was pretextual.

Con Edison argues that it fired Goldzweig for poor work performance due to ineffective communication and conflicts with outside counsel. Con Edison points to performance reviews detailing Goldzweig's difficulties producing memoranda conveying legal analysis and communicating effectively; emails among her supervisors corroborating these deficiencies; documents relating to a complaint by outside counsel about Goldzweig that resulted in Con Edison forbidding her from contacting outside counsel; and deposition testimony from former supervisors and the outside counsel Goldzweig had worked with, all corroborating Con Edison's non-discriminatory concerns about Goldzweig's performance. "The consistency of the viewpoint expressed" about Goldzweig's performance supports Con Edison's "proffered nondiscriminatory reason" for terminating her. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 45 (2d Cir. 2000). Goldzweig has failed to show that this reason was pretextual.

Goldzweig contends that her positive performance reviews before and after her termination "directly contradict[]" Con Edison's rationale for firing her. Appellant's Br. at 45. But there is no contradiction between the performance reviews Goldzweig points to and Con Edison's stated reason for terminating her. Although some reviews include positive feedback—including reviews post-dating her most negative performance review—they also consistently reflect concerns with Goldzweig's ability to communicate legal analysis.

We also reject Goldzweig's argument that the district court erred in relying on the testimony of Con Edison's interested witnesses. "Broad, conclusory attacks on the credibility of

a witness will not, by themselves, present questions of material fact." *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). And much of the testimony on which Con Edison relies is corroborated by contemporaneous documentation such as emails and performance reviews confirming these accounts of Goldzweig's performance.

Nor are we persuaded by Goldzweig's argument that a jury could infer pretext from supposed contradictions and inconsistencies in Con Edison's explanation. During depositions, Con Edison's witnesses testified that Moore and Taylor decided to terminate Goldzweig before hiring D'Angelo. Goldzweig points to a contrary account in Con Edison's EEOC Position Statement stating that D'Angelo, along with Taylor and Moore, agreed to terminate Goldzweig's employment "in late November 2018." Appellant's Br. at 50. This discrepancy is not an "inconsistent explanation[] for [Goldzweig's] termination," nor does it "directly contradict [Con Edison's] main representation to the EEOC." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013). Nothing in the EEOC Position Statement contradicts Con Edison's position that it terminated Goldzweig for performance deficiencies. Nor is there a material inconsistency in Con Edison's basic account of the termination decision. The EEOC Position Statement, consistent with deposition testimony, explains that Taylor and Moore had concluded that Goldzweig was not willing to meet performance expectations before hiring D'Angelo but decided not to terminate Goldzweig before filling personnel gaps. This is consistent with Con Edison's explanation that Taylor and Moore had decided that Goldzweig should be fired before bringing on D'Angelo, and any inconsistency goes at most to when the termination would be carried out.

Goldzweig's remaining arguments are likewise unpersuasive. For example, she claims that D'Angelo criticized her smell, way of speaking, and clothing. But Goldzweig "provides almost no context for the purportedly discriminatory remarks" and does not recall what any of

these comments were. *Nambiar*, 158 F.4th at 366. The vague allusion to unspecified remarks thus does not show pretext. And her conclusory arguments that she was treated differently than her younger or male coworkers do not change this analysis because the comparators she identifies are not "similarly situated to [her] in all material respects" as they do not have comparable histories of documented performance deficiencies. *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010) (quotation marks omitted). Lastly, the record contradicts Goldzweig's argument that Con Edison failed to follow its normal termination procedures. Goldzweig has not introduced evidence that other employees in the law department received the procedures she now identifies before being terminated. On the contrary, the record shows that Steve Scotti, a then-58-year-old man who supervised Goldzweig, was terminated a few months earlier without any of the procedures Goldzweig identifies. She has therefore not shown a "significant deviation from [Con Edison's] normal procedures from which pretext could be inferred." *Cf. Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 311 (2d Cir. 1997).

Accordingly, we conclude that the district court correctly granted summary judgment to Con Edison on Goldzweig's discrimination claims under Title VII, the ADEA, and the NYSHRL.

**II. Retaliation**

We also analyze Goldzweig's retaliation claims under Title VII, the ADEA, and the NYSHRL under the *McDonnell Douglas* framework. *See Carr*, 76 F.4th at 178 (Title VII and the ADEA); *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024) (Pre-2019 NYSHRL). To establish a prima facie case of retaliation, a plaintiff must show "that (1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir.

2013) (quotation marks omitted). If a plaintiff establishes a prima facie case, "the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Id.* Finally, "[i]f the employer demonstrates a legitimate, non-discriminatory reason, then the burden shifts back to the plaintiff to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id.* (cleaned up).

The parties disagree about which of Goldzweig's complaints about D'Angelo's behavior were protected activities. And they disagree about whether Goldzweig has demonstrated a causal link between her complaints and her termination. Even assuming Goldzweig established a prima facie case of retaliation, however, we agree with the district court that Con Edison adduced sufficient evidence of a legitimate non-discriminatory reason for terminating Goldzweig, and that Goldzweig fails to raise a triable issue of pretext.

As described above, Con Edison's sustained, documented criticism of Goldzweig's performance is sufficient to meet its burden at step two, and Goldzweig has failed to demonstrate that Con Edison's proffered explanation is pretextual. Although Goldzweig complained about how D'Angelo treated her, documentation of her performance deficiencies long predates these complaints. The undisputed evidence in the record also supports Con Edison's argument that Moore and Taylor concluded that Goldzweig was unable to meet performance expectations even before hiring D'Angelo. And despite Goldzweig's assertion that Con Edison used the term "toxic employees" to describe employees who complained about discrimination, she never claims that anyone identified her as such an employee. Rather, she admits that she "just d[oes not] know" if she had ever heard "someone within the Con Edison labor group equating an employee [who] filed a good faith complaint with ODI with a . . . toxic employee." App'x at 1015. In the absence of

evidence that Goldzweig was terminated for a retaliatory reason, rather than for unsatisfactory work performance, the district court correctly granted summary judgment to Con Edison on the retaliation claims.

**III. NYCHRL Claims**

Goldzweig's claims under the NYCHRL are evaluated separately from federal and state law claims, and under a more liberal standard. An NYCHRL discrimination claim requires a plaintiff to allege that she was "treated less well than other employees because of" a protected characteristic. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (quotation marks omitted). "[A] defense motion for summary judgment must be analyzed under both the *McDonnell Douglas* framework and the mixed motive framework, which imposes a lesser burden on a plaintiff opposing such a motion." *Ellison v. Chartis Claims, Inc.*, 178 A.D.3d 665, 668 (2d Dep't 2019) (cleaned up). Likewise, an NYCHRL retaliation claim requires a plaintiff to prove that her employer's conduct "was caused at least in part by retaliatory motives." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (cleaned up). "[S]ummary judgment is still appropriate in NYCHRL cases, but only if the record establishes as a matter of law that a reasonable jury could not find the employer liable under any theory." *Mihalik*, 715 F.3d at 113.

We conclude, as the district court did, that Goldzweig's discrimination claims fail under the NYCHRL. As described above, Con Edison put forward ample evidence of a non-discriminatory motivation, including, but not limited to, performance reviews, emails documenting her performance and conflict with outside counsel, testimony from multiple of her supervisors, and testimony from outside counsel, all corroborating its basic argument about Goldzweig's performance. Even under the NYCHRL's more liberal standards, summary judgment is

appropriate in the face of this unrebutted evidence because Goldzweig has produced no "evidence that defendant's explanations were pretextual, nor any evidence that a discriminatory motive coexisted with the legitimate reasons supported by defendant's evidence." *Bennett v. Health Mgmt. Sys., Inc.*, 92 A.D.3d 29, 46 (1st Dep't 2011).

As to Goldzweig's NYCHRL retaliation claim, however, we conclude that the district court failed to conduct the separate and independent analysis that the city law requires. The district court reasoned that "[t]he NYCHRL is slightly more solicitous of retaliation claims than federal and state law because, rather than requiring a plaintiff to show an adverse employment action, it only requires action that was 'reasonably likely to deter a person from engaging in protected activity.' Otherwise, the burden shifting framework is the same under the NYCHRL as under [federal and state law]." *Goldzweig v. Consol. Edison Co. of N.Y., Inc.*, No. 20-cv-4297, 2024 WL 5056350, at *11 (S.D.N.Y. Dec. 10, 2024) (internal citation omitted). This overlooks important differences relevant to Goldzweig's NYCHRL retaliation claim.

The NYCHRL takes a broader approach than Title VII or the ADEA as to what constitutes a protected activity for the purpose of a retaliation claim. When the district court concluded that only one of Goldzweig's four complaints qualified as a protected activity under federal law, it did not consider that under the NYCHRL, this issue is interpreted "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011). Moreover, retaliation claims under state and federal law require a plaintiff to show "but for" causation, "which requires that the adverse action would not have occurred in the absence of the retaliatory motive." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 307 (2d Cir. 2021) (quotation marks omitted) (ADEA retaliation); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (Title VII retaliation). But under the

NYCHRL, a plaintiff "need not prove that the reason proffered by the employer for the challenged action was actually false or entirely irrelevant" to the decision to take adverse action. *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 127 (1st Dep't 2012); *see also Mihalik*, 715 F.3d at 116. Again, the district court did not address these different causation standards when discussing Goldzweig's NYCHRL retaliation claim.

As a result, "we cannot confidently conclude that the district court analyzed plaintiff's NYCHRL [retaliation] claim under the standard applicable thereto." *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015).[2] We thus vacate the portion of the district court's judgment related to Goldzweig's NYCHRL retaliation claim and remand for the district court to determine whether to exercise supplemental jurisdiction over this claim, and if it does so, to consider the claim under the appropriate standard, separate and apart from the federal and state claims.

* * *

We have considered Goldzweig's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

[2] Likewise, it is unclear whether the district court independently analyzed the weight accorded to different forms of evidence under New York law. *See, e.g.*, *La Marca-Pagano v. Dr. Steven Phillips, P.C.*, 129 A.D.3d 918, 921 (2d Dep't 2015) (concluding that "close temporal proximity between the plaintiff's protected activity and the adverse employment action is sufficient to demonstrate the necessary causal nexus" for a retaliation claim); *Kim v. Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 A.D.3d 18, 25 (1st Dep't 2014) (same); *Calhoun v. Cnty. of Herkimer*, 114 A.D.3d 1304, 1307 (4th Dep't 2014) (same).